UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                )
RORY WALSH,                     )
                                )
        Plaintiff,              )
                                )
                v.              )    Civil Action No. 11-2215 (RWR)
                                )
MICHAEL HAGEE, et al.,          )
                                )
        Defendants.             )
_____)
```

MEMORANDUM OPINION

Pro se plaintiff Rory M. Walsh on his own behalf and as
natural guardian of S.J.W., a minor, brings claims under the
Constitution and several federal statutes alleging that the
defendants[1] are participating in a government conspiracy to
harass and assault him and his family.  The defendants have each
moved under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2),

_____

[1] The federal defendants are the former Commandant of the
Marine Corps, Retired General Michael Hagee; the Director of
National Intelligence, James Clapper; Judge Christopher Conner of
the United States District Court for the Middle District of
Pennsylvania; the Secretary of Veterans Affairs, General Erik
Shinseki; Veterans Affairs employees Dr. Joseph DeSanti, Lillie
Jackson, and Eileen Kostic; Federal Bureau of Investigation
Special Agent Frank Apicella; Head of the Marine Corps
Performance Evaluation Review Branch and the Chairperson of the
Marine Corps Performance Evaluation Review Board, Frances Poleto;
and the United States of America.  Defendant Keith Berger, who
died after moving to dismiss the complaint, was employed in
security at the federal building in Harrisburg, Pennsylvania.
Pro se defendant James Axe is Walsh's neighbor in Pennsylvania.

-2-

12(b)(3), and/or 12(b)(6) to dismiss the complaint for lack of subject matter and/or personal jurisdiction, for improper venue, and/or for failure to state a claim. Because Walsh has made no showing that this court has personal jurisdiction over Axe, Axe's motion to dismiss will be granted. Because the court lacks subject matter jurisdiction over Walsh's claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), the Fourth, Fifth and Sixth Amendments of the U.S. Constitution, and 18 U.S.C. § 2712, and because Walsh failed to state a claim against the defendants upon which relief can be granted under 10 U.S.C. § 1552, the Privacy Act, 5 U.S.C. § 552a, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, the Victim and Witness Protection Act of 1982, 18 U.S.C. § 1514, and the Fourteenth Amendment of the U.S. Constitution, the complaint will be dismissed as to the remaining defendants.

<u>BACKGROUND</u>

Walsh's amended complaint makes the following factual allegations. Walsh is a retired U.S. Marine Corps captain. Walsh first came to know defendant Hagee when Walsh served as a rifle company commander under Hagee. Am. Compl. ¶ 11. Hagee has since retired from the Marine Corps. During most of the events relevant to the complaint, Hagee "work[ed] for the Director of National Intelligence, [defendant Clapper,] as a member of the

ultra secret National Center for the Coordination of Counter-Intelligence Commission (NCCCIC)."  Id. ¶ 24.

In 2005, Walsh filed a complaint in the federal district court in the Middle District of Pennsylvania against several federal defendants alleging, among other things, that the defendants failed to investigate Walsh's claim that a lieutenant colonel tried to poison him with arsenic.  See Walsh v. United States, No. 05-CV-0818, 2006 WL 1617273 (M.D. Pa. June 9, 2006). While Walsh was attempting to file a document in that case, "Hagee sent assassins from [a counter-intelligence ("CI") team]" to kill Walsh.  Am. Compl. ¶ 22.  Hagee continued to interfere with that case by directing defendant Berger, a security officer at the federal courthouse, "to manipulate the scanners, and hold mock arrests in front of [Walsh] in the courthouse[.]"  Id. ¶ 25. In collusion with Hagee, defendant presiding Judge Conner "refused to properly rule" in the Walsh v. United States case. Id.

Since Hagee joined the NCCCIC, Hagee has invaded Walsh's privacy by conducting surveillance through the ECHELON surveillance system, id. ¶ 41, through defendant Axe, Walsh's neighbor, and by monitoring Walsh's credit card usage, id. ¶ 33(b).  Hagee has interfered with Walsh's ability to travel, own a car, and attend congressional hearings.  Id. ¶ 33(b)-(e).

-4-

The arsenic poisoning caused Walsh to become a diabetic. Id. ¶ 19.  After being diagnosed with diabetes, Walsh sought to have his military record "corrected."  Id. ¶ 38–39.  Hagee used ECHELON to watch Walsh as he prepared the appropriate application to amend his military record, sent FBI teams to Walsh's house to intercept his application, and stole his application from the mail.  Walsh, then, had to hand-deliver the application to the Board for Correction of Naval Records ("BCNR").  Id. ¶ 41–43. Hagee also ordered defendant Poleto to contact Walsh's attorney and try to convince the attorney to have any reference to the arsenic poisoning removed from Walsh's application.  Id. ¶ 44. Hagee and Poleto contacted Walsh's congressional representatives and members of the military records review board thus causing the BCNR to not respond to Walsh's request to correct his military record.  Id. ¶ 46.

Hagee caused Veterans Affairs ("VA") to "falsify a medical examination."  Id. ¶ 26.  Hagee also directed a doctor to make a false statement on Walsh's claim for arsenic poisoning that was submitted to the VA.  Id.  The false statement caused defendant Jackson, in her capacity as a health benefits manager, to deny Walsh's claim.  Id. ¶ 28.  Jackson and her colleague defendant Kostic also denied Walsh's claim for his injured shoulder.[2]  Id.

---

[2] Walsh alleges that in 1990, when he was still in the Marine Corps, Hagee directed CI teams to enter his residence on numerous occasions.  During at least two of these instances, says

-5-

¶ 32.  Hagee also tried to make Walsh "become an insulin addict, and have him placed on artificial insulin" by directing defendant De Santi to try to persuade Walsh to take insulin.  Id. ¶ 34.

Walsh filed a complaint against Hagee with Clapper but "Hagee intercepted the mailed copy [of the complaint] and destroyed it[.]"  Id. ¶ 7.  Clapper has had a copy of the complaint since June 20, 2011 but "has taken no action to bring defendant Hagee in line with federal laws, or preclude his use of national Counter-intelligence forces to harass the Plaintiff[]." Id. at 2.

Hagee continued to harass Walsh by directing defendant Special Agent Apicella to question Walsh about shootings that occurred at the Marine Corps War Memorial in Quantico, Virginia. Id. ¶ 48.

The amended complaint summarized above alleges claims under the FTCA, the Fourth, Fifth, and Sixth Amendments, 18 U.S.C. § 2712, 10 U.S.C. § 1552, the Privacy Act, RICO, the CVRA, the Victim and Witness Protection Act, and the Fourteenth Amendment.[3] Walsh seeks $50,000,000 in damages and injunctive relief.  The federal defendants have moved to dismiss all of Walsh's claims under Rules 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6).  Berger moved to dismiss the complaint under Rules 12(b)(2) and 12(b)(6).

Walsh, he struggled with the CI teams and they injured his left shoulder.

[3] Walsh's amended complaint does not enumerate counts.

-6-

Axe has moved to dismiss the complaint under Rules 12(b)(1), 12(b)(2), and 12(b)(6).  Walsh opposes.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) provides that a federal court must dismiss a case when it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "'Before a court may address the merits of a complaint, it must assure that it has jurisdiction to entertain the claims.'"  Cornish v. Dudas, 715 F. Supp. 2d 56, 60 (D.D.C. 2010) (quoting Marshall v. Honeywell Tech. Solutions, Inc., 675 F. Supp. 2d 22, 24 (D.D.C. 2009)).  Thus, a court must even raise on its own any questions it perceives about its subject matter jurisdiction.  Douglass v. District of Columbia, 605 F. Supp. 2d 156, 168-69 (D.D.C. 2009).  It is the plaintiff's burden to demonstrate subject matter jurisdiction.  Shuler v. United States, 531 F.3d 930, 932 (D.C. Cir. 2008).  If the plaintiff cannot meet its burden, the court must dismiss the action.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (citing Ex parte McCardle, 74 U.S. 506, 514 (1868)).

In considering a motion to dismiss for lack of subject matter jurisdiction, a court "treat[s] the complaint's factual allegations as true" and "grant[s] plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'"  Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000)

(quoting <u>Schuler v. United States</u>, 671 F.2d 605, 608 (D.C. Cir. 1979)).  However, "[b]ecause subject matter jurisdiction focuses on the court's power to hear the claim, . . . the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion[.]"  <u>Aref v. Holder</u>, 774 F. Supp. 2d 147, 159 (D.D.C. 2011).

Under Rule 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  The plaintiff bears the burden of making a prima facie showing that the court has personal jurisdiction over the defendants.  <u>First Chi. Int'l v. United Exch. Co.</u>, 836 F.2d 1375, 1378 (D.C. Cir. 1988).  To meet his burden, "[a] plaintiff must plead specific facts providing a basis for personal jurisdiction."  <u>Gomez v. Aragon</u>, 705 F. Supp. 2d 21, 23 (D.D.C. 2010).  Pro se plaintiffs must also plead adequate jurisdictional facts for their claims.  <u>Id.</u>

A District of Columbia court has personal jurisdiction over a defendant "domiciled in, . . . or maintaining his . . . principal place of business in, the District of Columbia as to any claim for relief."  D.C. Code § 13-422.  If the plaintiff does not allege that the defendant is domiciled in or maintains his principal place of business in the District of Columbia, a court employs a two-part test to determine whether it has

-8-

personal jurisdiction.  First, the District of Columbia's long-arm statute must reach the defendant.  See <u>GTE New Media Servs. Inc. v. BellSouth Corp.</u>, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Under the District of Columbia's long-arm statute, a court in the District of Columbia has personal jurisdiction over a non-resident defendant for a claim arising from the defendant's conduct in:

> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia[.]

D.C. Code § 13-423.

Second, the exercise of personal jurisdiction must be consistent with the requirements of due process.  <u>GTE New Media Servs.</u>, 199 F.3d at 1347.  The Due Process Clause requires that the plaintiff show that the defendant has sufficient "minimum contacts" with the District of Columbia such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).  Under this principle, personal jurisdiction is proper where "the defendant's conduct and connection with the forum

State are such that he should reasonably anticipate being haled into court there." <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980).  The defendant's minimum contacts with the District of Columbia must arise from "'some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" <u>Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cnty.</u>, 480 U.S. 102, 109 (1987) (quoting <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 474 (1985)).

A district court can dismiss a complaint under Rule 12(b)(6) when the plaintiff "fails to state a claim upon which relief can be granted." <u>Peavey v. Holder</u>, 657 F. Supp. 2d 180, 185 (D.D.C. 2009 (citing Fed. R. Civ. P. 12(b)(6)).  A Rule 12(b)(6) motion tests the legal sufficiency of a complaint.  <u>Browning v. Clinton</u>, 292 F.3d 235, 242 (D.C. Cir. 2002).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citations omitted) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations[.]"  <u>Twombly</u>,

550 U.S. at 555.  However, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

When considering a Rule 12(b)(6) motion, the court similarly construes the complaint in the light most favorable to the plaintiff and "assume[s] the truth of all well-pleaded allegations."  Warren v. District of Columbia, 353 F.3d 36, 39 (D.C. Cir. 2004).  The court may consider "only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [it] may take judicial notice."  EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

"A pro se complaint 'must be held to less stringent standards than [are] formal pleadings drafted by lawyers."  Jones v. Horne, 634 F.3d 588, 596 (D.C. Cir. 2011) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).  A pro se complaint is not immune, however, from the requirement that it "plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'"  Atherton v. D.C. Office of the Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting Iqbal, 556 U.S. at 678-79).

Defendants may move to dismiss a claim because the plaintiff failed to exhaust his administrative remedies under either Rule 12(b)(1) or 12(b)(6).  Fernandez v. Donovan, 760 F. Supp. 2d 31, 34 (D.D.C. 2011).  The exhaustion requirement is jurisdictional where the statute has "sweeping and direct statutory language indicating that there is no federal jurisdiction prior to exhaustion[.]"  Avocados Plus Inc. v. Veneman, 370 F.3d 1243, 1248 (D.C. Cir. 2004) (citations and internal quotation marks omitted).  Where "Congress [has not stated] in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has come to a decision," the exhaustion requirement should be "treated as an element of the underlying claim."  Id. (citations and internal quotation marks omitted).

I.   FTCA AND FOURTH, FIFTH, AND SIXTH AMENDMENT CLAIMS

Walsh's amended complaint seeks damages under the FTCA and the Fourth, Fifth, and Sixth Amendments for events related to the alleged conspiracy led by Hagee.

District courts lack jurisdiction when the plaintiff's complaint is "'patently insubstantial,' presenting no federal question suitable for decision."  Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989)); see also Tooley v. Napolitano, 586 F.3d 1006, 1009-10 (D.C. Cir. 2009).  Claims that are "'so attenuated and unsubstantial as to be absolutely devoid of merit'" may be

-12-

dismissed for lack of subject matter jurisdiction.  Hagans v.
Lavine, 415 U.S. 528, 536-37 (1973) (quoting Newburyport Water
Co. v. City of Newburyport, 193 U.S. 561, 579 (1904)).  However,
a plaintiff's claims cannot be dismissed "simply because the
court finds the plaintiff's allegations unlikely."  Denton v.
Hernandez, 504 U.S. 25, 33 (1992).  Instead, to be dismissed
under this doctrine, they must "be flimsier than 'doubtful or
questionable' -- they must be 'essentially fictitious.'"  Best,
39 F.3d at 330 (quoting Hagans, 415 U.S. at 537).  Vulnerable
claims can be those that suggest "any fantastic government
manipulations of [plaintiff's] will or mind [or] any sort of
supernatural intervention."  Id.

     Newby v. Obama, 681 F. Supp. 2d 53 (D.D.C. 2010), is
illustrative.  There, the plaintiff alleged a government
conspiracy that involved "agents for the President surveill[ing
the plaintiff] through the Home Guard surveillance network."
Compl. ¶ 10, Newby v. Obama, 681 F. Supp. 2d 53 (D.D.C. 2010)
(Civil Action No. 08-1624 (EGS)).  Newby also alleged that the
President's agents steered a lawsuit she filed in 2005 to a judge
who dismissed her effort to enjoin Senate confirmation hearings
of the President's judicial nominee, and that the agents later
directed Kinko's employees to prevent her from photocopying
documents she needed for filing a writ of mandamus challenging
the judge's decision.  Id. ¶¶ 17, 18.  The court dismissed

Newby's complaint as frivolous because "it appears that its claims relating to alleged government surveillance and harassment are of the sort of bizarre conspiracy theory that warrant dismissal under Rule 12(b)(1)."  Newby, 681 F. Supp. 2d at 56 (internal quotation marks omitted).

Other judges in this district have dismissed claims alleging "bizarre conspiracy theories" under Rule 12(b)(1).  See, e.g., Roum v. Fenty, 697 F. Supp. 2d 39, 42-43 (D.D.C. 2010) (finding frivolous a claim of a government conspiracy where federal agencies used "various chemicals and technologies to regularly conduct experiments and surveillance on [the plaintiff] over a period spanning more than ten years");  Roum v. Bush, 461 F. Supp. 2d 40, 46-47 (D.D.C. 2006) (dismissing a complaint as "inherently unrealistic" that alleged a conspiracy within the federal government to use radioactive waves and lethal chemicals to attempt to kill the plaintiff); McBrien v. United States, Civil Action No. 09-2432 (RWR), 2010 U.S. Dist. LEXIS 5420, at *1 (D.D.C. Jan. 25, 2010) (dismissing as frivolous a complaint that presented "'fantastic and delusional scenarios of a nationwide conspiracy involving [plaintiff's] relatives, former relatives, and numerous state and federal agencies who work in concert to spy on, control, injure, and trick the plaintiff'" (quoting McBrien v. United States, Civil Action No. 09-1527 (RBW), 2009 WL 2525152, at *1 (D.D.C. Aug. 13, 2009))).

-14-

Here, Walsh's FTCA and constitutional claims all center around the alleged conspiracy.  Walsh suggests that the conspiracy spans a number of states and over 20 years, involves an "ultra secret" government agency, surveillance through a clandestine, international system of unknown capabilities and questionable existence, harassment, and numerous murder attempts. This is the sort of bizarre conspiracy theory that warrants dismissal under the <u>Best v. Kelly</u> standard.  Defendants' Rule 12(b)(1) motions to dismiss as frivolous Walsh's FTCA and Fourth, Fifth, and Sixth Amendment claims will be granted.

## II.  CLAIMS AGAINST AXE

Walsh has not alleged an adequate basis for asserting personal jurisdiction over Axe under D.C. Code § 13-422.  Walsh has not established that Axe is domiciled in the District of Columbia since all Walsh alleges is that Axe is a Pennsylvania resident.  Am. Compl. at 2.  Nor has Walsh alleged that Axe has his principal place of business in the District of Columbia. Further, Walsh has not pled an adequate basis to assert personal jurisdiction over Axe under the District of Columbia long-arm statute.  There is no allegation that Axe committed any act or caused any harm in the District of Columbia.  Walsh does not allege that his claim against Axe arose from Axe's conduct in transacting business in the District of Columbia, contracting to supply services in the District of Columbia, or causing a

-15-

tortious injury in the District of Columbia.  Instead, Walsh

claims that Axe harassed him and, at the direction of Hagee, is

conducting surveillance of Walsh in Pennsylvania.  Id. at

¶ 33(b).  Because Walsh has not alleged an adequate basis for

asserting personal jurisdiction over Axe, Axe's motion to dismiss

will be granted.

III. 18 U.S.C. § 2712 CLAIM

      Walsh contends that Hagee stole his United States mail.

Under 18 U.S.C. § 2712, a party may bring a civil action against

the United States to challenge a violation of 18 U.S.C.

§§ 2701-2712.  Before a party can bring an action against the

United States under § 2712, the "claim [must be] presented to the

appropriate department or agency under the procedures of the

Federal Tort Claims Act[.]"  18 U.S.C. § 2712(b).  As such, "[a]n

action [under § 2712] shall not be instituted upon a claim

against the United States . . . unless the claimant shall have

first presented the claim to the appropriate Federal agency and

his claim shall have been finally denied by the agency in writing

and sent by certified or registered mail."  28 U.S.C. § 2675.

      The defendants assert that Walsh's claim must be dismissed

under § 2712 because Walsh did not first exhaust his

administrative remedies.  Fed'l Defs.' Mot. to Dismiss at 15.

While Walsh claims he submitted a claim to Clapper, Walsh does

not allege any facts in his complaint reflecting any final

-16-

decision by the Office of the Director of National Intelligence.
Thus, this claim will be dismissed for lack of subject matter
jurisdiction.

IV.  10 U.S.C. § 1552 CLAIM

Walsh alleges that Hagee and Poleto interfered with his
right to file a request under 10 U.S.C. § 1552 to correct his
military record.  Am. Compl. ¶¶ 38-47.  Section 1552 allows a
claimant to request a correction of his military record and gives
the Secretary of the relevant military department the authority
to correct the record "when the Secretary considers it necessary
to correct an error or remove an injustice."  10 U.S.C. § 1552.
The claim stems from the frivolous allegation of a widespread
government conspiracy involving government surveillance and
fanatical meddling with Walsh's application which the court lacks
jurisdiction to entertain.[4]  See Best, 39 F.3d at 330.

Even if the claim were not frivolous, a district court has
jurisdiction to review a decision regarding the correction of a
military record under the Administrative Procedure Act ("APA"),
see Kreis v. Sec. of the Air Force, 866 F.2d 1508, 1515 (D.C.
Cir. 1989), only if there is a "*final* agency action for which
there is no other adequate remedy[.]"  5 U.S.C. § 704 (emphasis

---

[4] Walsh's claim as one for damages would still be dismissed
even if it were not frivolous.  Walsh has not pointed to, and the
court has not identified, any statutory or under common law cause
of action that supports a claim for monetary damages for
conspiring to interfere or for interfering with one's ability to
file a request to correct errors in his military record.

-17-

added).  Here, Walsh states that he filed a request to correct
his record with the BCNR.  However, he admits that the BCNR has
yet to decide his claim.  Am. Compl. ¶ 46.  Because there is no
final decision for this court to review, Walsh fails to state a
cause of action to review an agency decision relating to his
request to correct his military record.

V.   PRIVACY ACT CLAIM

     The Privacy Act allows an individual to bring a civil action
against any agency whenever an agency "fails to comply with
any . . . provision of the [Privacy Act] . . . in such a way as
to have an adverse effect on an individual[.]"  5 U.S.C.
§ 552a(g)(1)(A), (D).  It is unclear what claim Walsh is alleging
under the Privacy Act, but he refers to his military records in
response to the defendants' motion to dismiss his claims under
the Privacy Act.  Pl.'s Mem. in Opp'n to the Fed'l Defs.' Mot. to
Dismiss ¶ 24.  Walsh's discussion of his military records in his
amended complaint is also centered on his endeavors to have them
corrected.  Am. Compl. ¶ 38-46.  For Walsh to obtain injunctive
relief to amend his military record, he must proceed under 10
U.S.C. § 1552.  <u>See</u> <u>Cargill v. Marsh</u>, 902 F.2d 1006, 1007-08
(D.C. Cir. 1990) (affirming the district court's dismissal of the
plaintiff's Privacy Act claim for failure to exhaust his
administrative remedies because "[t]he proper means by which to
seek a substantive change in his military records . . . was

-18-

through a proceeding before the [military corrections board]

under 10 U.S.C. § 1552(a)").  Thus, Walsh's Privacy Act claim

will be dismissed under Rule 12(b)(6) because the Privacy Act is

an improper means by which to seek to amend his military record.

VI.  RICO CLAIM

     Walsh's amended complaint also seeks damages under the RICO

Act.  Am. Compl. ¶ 53.  To state a civil RICO claim, a plaintiff

must allege:

> "(1) That the defendant (2) through the commission of
> two or more acts (3) constituting a pattern (4) of
> racketeering activity (5) directly or indirectly
> invests in, or maintains an interest in, or
> participates in (6) an enterprise (7) the activities of
> which affect interstate or foreign commerce.  Plaintiff
> must also allege that he was injured in his business or
> property by reason of the violation of § 1962."

Taitz v. Obama, 707 F. Supp. 2d 1, 6 (D.D.C. 2010) (quoting Moss

v. Morgan Stanley, Inc., 719 F.2d 5, 17 (2d Cir. 1983)) (internal

quotation marks omitted).

     Here, Walsh's civil RICO claim is deficient.  Walsh does not

specify the actions constituting racketeering activity or which

defendants committed them.  To the extent he is referring to the

several alleged attempts to murder him and seeks to hold Hagee

and Clapper liable, the complaint fails to allege how the

attempts to murder him affected interstate or foreign commerce.

Because Walsh fails to allege a RICO cause of action, his RICO

claim will be dismissed.

-19-

VII. REMAINING CLAIMS

Walsh invokes the CVRA, the Victim and Witness Protection Act, and the Fourteenth Amendment in his allegations.  Because Walsh fails to plead facts to support claims under these statutes, Walsh's remaining claims will be dismissed under Rule 12(b)(6).

A.   CVRA claim

Walsh seeks a restraining order, presumably under the CVRA, against "Hagee and all national CI teams[.]"  Am. Compl. at 18. The CVRA provides crime victims with several rights including "[t]he right to be reasonably protected from the accused."  18 U.S.C. § 3771(a)(1).  Such protection must be sought in the district court where a defendant is being criminally prosecuted, or in the district court in the district where the crime occurred.  18 U.S.C. § 3771(d)(3).  Walsh has neither alleged that any criminal prosecution is pending in this district, nor shown that any crime occurred here.  Walsh's claim under the CVRA will be dismissed.

B.   Victim and Witness Protection Act claim

The Victim and Witness Protection Act provides that a U.S. district court, "upon application of the attorney for the Government, shall issue a temporary restraining order prohibiting harassment of a victim or witness in a Federal criminal case" if the court finds that there is sufficient evidence of that

-20-

harassment.  18 U.S.C. § 1514(a)(1).  As the defendants correctly
note, Fed'l Defs.' Mot. to Dismiss at 15, no government attorney
filed an application for a temporary restraining order in this
case.  As is mentioned above, Walsh has neither alleged nor shown
that there is any pending federal criminal case in which Walsh is
a victim or witness.  Because Walsh has not established the
requisite elements to state a claim under the Victim and Witness
Protection Act, this claim will be dismissed.

     C.   Fourteenth Amendment claim

     The Fourteenth Amendment guarantees U.S. citizenship to all
persons born or naturalized in the United States, prohibits a
state from making any law that would "abridge the privileges or
immunities of citizens of the United States," and assures due
process and equal protection under the law.  U.S. Const.
amend. XIV.  In his complaint, Walsh does not plead any facts to
support a claim under the Fourteenth Amendment.  Thus, Walsh's
Fourteenth Amendment claim will be dismissed under Rule 12(b)(6).

                          CONCLUSION

     Walsh's frivolous FTCA and Fourth, Fifth, and Sixth
Amendment claims based on a bizarre government conspiracy theory
and Walsh's unexhausted claim under 18 U.S.C. § 2712 must be
dismissed for lack of subject matter jurisdiction.  Walsh's claim
as to Axe will be dismissed for lack of personal jurisdiction.
Walsh's cause of action for judicial review in connection with

-21-

his request to correct his military record similarly will be
dismissed for lack of subject matter jurisdiction, or
alternatively for failure to state a claim because he did not
allege any final decision by the Secretary that can be reviewed.
Walsh's claims under the Privacy Act, RICO, the CVRA, the Victim
and Witness Protection Act, and the Fourteenth Amendment of the
U.S. Constitution must also be dismissed because Walsh failed to
state a claim upon which relief can be granted.  Thus, the
remaining defendants' motions to dismiss the complaint will be
granted.  A final Order accompanies this Memorandum Opinion.

SIGNED this 26th day of October, 2012.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge